IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VERNON THOMAS AND ALICIA THOMAS,** § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:16-CV-2160-L** |
| § **WELLS FARGO,** § § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Temporary Restraining Order (Doc. 4), filed August 17, 2016. Plaintiffs seek to continue the temporary restraining order ("TRO") that they obtained in state court on July 15, 2016, before this mortgage foreclosure case was removed to federal court on July 26, 2016, by Defendant Wells Fargo based on diversity of citizenship. After considering the motion, pleadings, state court TRO, and applicable law, the court **denies** Plaintiffs' Motion for Temporary Restraining Order (Doc. 4).

Plaintiffs correctly assert that, while they originally sought injunctive relief under state law, their Motion for TRO is governed by federal law. *See Walker v. F.D.I.C.*, 970 F.2d 114, 121 (5th Cir. 1992) (explaining that federal rather than state procedural law applies since federal law controls the course of proceedings from the point of removal). Plaintiffs also acknowledge that, to the extent any order granting injunctive relief was entered by the state court before the case was removed, it was "federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance."

**Memorandum Opinion and Order - Page 1**

*Nissho Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303-304 & n.2 (5th Cir. 1988) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974), and discussing the interplay between 28 U.S.C. § 1450 and Federal Rule of Civil Procedure 65(b) applicable to temporary restraining orders in federal court). Federal law, therefore, governs Plaintiffs' request for a continuation of their state TRO, which enjoined Wells Fargo from taking possession of property located at 2022 Preston Trail, Forney, Texas, 75126 ("Property"). *See id.* Even though Plaintiffs' state TRO did not expire before removal of this case, it lapsed fourteen days after the case was removed. *Id.*

Under federal law, there are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction. Because a TRO is considered an "extraordinary and drastic remedy," it is

**Memorandum Opinion and Order - Page 2**

not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).

Plaintiffs' Motion for TRO is devoid of any factual allegations. Plaintiffs' state court pleadings, in which they assert claims for breach of contract and breach of the implied covenant of food faith and fair dealing based on an alleged loan modification, are verified; however, the factual allegations set forth in Plaintiffs' verified pleadings are insufficient for the court to determine whether there is a substantial likelihood that they will prevail on the merits of such claims. Plaintiffs have, therefore, failed to satisfy their burden of establishing all of the requirements for a preliminary injunction or temporary restraining order. Accordingly, the court **denies** Plaintiffs' Motion for Temporary Restraining Order (Doc. 4).

**It is so ordered** this 19th day of August, 2016.

Sam A. Lindsay
United States District Judge